UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

C & L WARD BROS., CO.,

    Plaintiff,                             Case No. 11-cv-14773
                                                  HON. GEORGE CARAM STEEH
v.

OUTSOURCE SOLUTIONS, INC., et al.,

    Defendants.
_____/

### OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND, FOR RELIEF FROM JUDGMENT, AND FOR RECONSIDERATION (#26)

On October 28, 2011, plaintiff filed this action against defendants alleging fraud in the inducement/fraudulent misrepresentation, conversion, negligence, and violations of the Racketeer Influenced and Corrupt Organizations Act (RICO). On August 3, 2012, the court granted defendants' motion to dismiss pursuant to Rule 12(b)(6). On August 28, 2012, plaintiff filed a breach of contract claim against defendants Outsource Solutions, Inc., Yoursource Management Group, Inc., and Todd Lancaster, with the American Arbitration Association (AAA). Defendants filed a motion to reopen this case to enforce the prior judgment and enjoin the AAA arbitration proceeding, arguing plaintiff's contract claim was not within the scope of the arbitration provision. Plaintiff opposed the motion, arguing that the contract claim must be arbitrated and could not have been brought in this case. Plaintiff asked that the court deny defendants' motion or set aside the final judgment in this case and allow amendment to assert a contract claim. The court held a hearing and issued an opinion denying defendants' motion to reopen because the parties' agreement

-1-

incorporated rules providing that the arbitrator first decide the issues of arbitrability and res judicata. Following this court's order, the arbitrator considered defendants' motion to dismiss the arbitration proceedings or for summary judgment, filed with the AAA. The arbitrator granted that motion, finding plaintiff's contract claim is not within the arbitration provision and therefore could have and should have been brought in this case. On January 28, 2013, plaintiff filed a motion for leave to amend pursuant to Federal Rule of Civil Procedure 15(a)(2), motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b), and motion for reconsideration pursuant to Local Rule 7.1(h) (the "motion"). The motion is fully briefed. The court finds that oral argument is not necessary. See Local Rule 7.1(f). For the reasons set forth below, plaintiff's motion is DENIED.

ANALYSIS

Plaintiff filed a motion seeking leave to amend pursuant to Federal Rule of Civil Procedure 15(a), for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b), and for reconsideration pursuant to Local Rule 7.1(h). Defendants argue plaintiff's motion should be denied because: (1) plaintiff may not seek leave to amend its pleadings under Rule 15 unless and until it obtains relief from judgment under Rule 60; (2) plaintiff is not entitled to relief under Rule 60 because its decision to withhold its contract claim was either a strategic decision or a mistake by plaintiff's counsel; and (3) plaintiff is not entitled to relief under Local Rule 7.1(h) because the court did not err in not addressing plaintiff's request to add a contract claim in its January 15, 2013 order.

"Following entry of final judgment, a party may not seek to amend their complaint without first moving to alter, set aside, or vacate judgment pursuant to either Rule 59 or Rule 60 of the Federal Rules of Civil Procedure." In re Ferro Corp. Deriv. Litig., 511 F.3d

611, 624 (6th Cir. 2008), quoting Morse v. McWhorter, 290 F.3d 795, 799 (6th Cir. 2002). A plaintiff "must first meet the threshold requirement" of Rule 60 "before seeking . . . [to] submit amended pleadings." Id. The Sixth Circuit has stated:

> Rule 60(b) provides grounds for relief from a final judgment for enumerated reasons, including "mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.P. 60(b)(1). In determining whether relief is appropriate under Rule 60(b)(1), courts consider three factors: (1) culpability—that is, whether the neglect was excusable; (2) any prejudice to the opposing party; and (3) whether the party holds a meritorious underlying claim or defense. A party seeking relief must first demonstrate a lack of culpability before the court examines the remaining two factors.

Yeschick v. Mineta, 675 F.3d 622, 628-29 (6th Cir. 2012) (internal quotations omitted). Defendants argue plaintiff cannot meet the lack of culpability requirement. Plaintiff asserts it requested leave to amend on two prior occasions. Plaintiff also asserts it was "not culpable, because it believed in good faith that its contract claim was arbitrable and pursued arbitration accordingly."

First, plaintiff claims it sought leave to amend twice before entry of judgment. Plaintiff claims it first sought leave in its response to defendants' motion to dismiss, but plaintiff made no mention of adding a contract claim in its response brief. Instead, plaintiff sought permission to amend its existing claims to bolster them against attack. Second, plaintiff says it sought leave to amend at the hearing on the motion to dismiss. However, at the hearing, plaintiff argued that there was no contract and therefore plaintiff chose not to assert a contract claim. Plaintiff argued:

> So my first argument is, and the Court will see, we didn't draft this complaint and leave out a contract claim because we were just ignorant and we didn't know the law and didn't know what we were doing. We didn't have a contract because there was no contract, and we believe there was no contract. Now we could have and may amend to add an alternative inconsistent argument which the Court would accept to say well, we don't believe there is a contract,

> but if someone believes there is, then there is a contract claim. We didn't do that because we didn't want to confuse the Court at the motion to dismiss that we thought we would be getting. So we do not believe there is a contract because there are no -- there was no meeting of the minds.

(3/7/2012 hearing transcript). While plaintiff does state that it "may amend to add an alternative inconsistent argument" regarding the contract, plaintiff does not move to amend to add a contract claim. Instead, plaintiff clearly indicates that it believes there is no contract and therefore decided it did not wish to pursue a contract claim. Therefore, the court properly construed plaintiff's statement that "we don't believe there is a contract, but if someone believes there is, then there is a contract claim" as an explanation for its strategic decision to omit a contract claim, and not as a formal motion for leave to amend its complaint to add it. Plaintiff therefore failed to move for leave to amend its complaint to add a contract claim prior to entry of judgment.

Second, plaintiff asserts it meets the excusable neglect requirement because it believed in good faith that its contract claim was arbitrable. However, plaintiff is culpable for the "good faith" error of its attorneys. See McCurry ex. rel Turner v. Adventist Health System/Sunbelt, Inc., 298 F.3d 586, 593 (6th Cir. 2002). In McCurry, the Sixth Circuit explained that "neither strategic miscalculation nor counsel's misinterpretation of the law warrants relief from a judgment." Here, plaintiff either made a strategic decision not to bring the contract claim in this court along with the RICO and tort claims or erred in believing it was not allowed to bring the claim in this court. Either way, plaintiff has failed to show a lack of culpability and therefore has failed to show it is entitled to relief from judgment under Rule 60(b)(1).

Local Rule 7.1(h) governs motions for reconsideration. It provides that the "movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." Plaintiff has failed to show a "palpable defect" in the court's January 15, 2013 order. In response to defendants' motion to reopen proceedings, plaintiff asked the court to deny the motion to reopen proceedings *or* to allow plaintiff to amend its complaint to assert a contract claim. The court denied defendants' motion to reopen proceedings in its January 15, 2013 order. Because the court denied the motion to reopen, the court did not address plaintiff's alternative request in its response brief. Although plaintiff received the relief requested, plaintiff now asserts this court erred by not granting leave to amend. Plaintiff's argument is incongruous. Because the case would have to be reopened to grant leave to amend, and because plaintiff specifically requested denial of defendants' motion to reopen, the court declines to find a "palpable defect" in its January order.

Plaintiff could have pleaded the contract claim as an alternative in its complaint. It did not. It could have sought leave to amend its complaint to add a breach of contract claim at any time before this court entered judgment. It did not. Following a motion to dismiss, plaintiff asked only to amend its tort and RICO claims to cure pleading deficiencies in those claims. When this court dismissed plaintiff's complaint, plaintiff did not seek reconsideration on the ground that this court failed to consider its request to amend. Plaintiff did not appeal. At this time, plaintiff has not set forth a sufficient showing for relief from judgment or for reconsideration. Plaintiff's motion is therefore denied.

CONCLUSION

For the reasons set forth above, plaintiff's motion for leave to amend pursuant to Federal Rule of Civil Procedure 15(a)(2), for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b), and for reconsideration pursuant to Local Rule 7.1(h) (Dkt. #26) is DENIED.

SO ORDERED.

Dated: March 7, 2013

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 7, 2013, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk